**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27227-BLOOM**

ESTEBAN DE LA CARIDADE
SALDANA GONZALEZ,

Petitioner,

v.

SOUTH FLORIDA DETENTION CENTER,

Respondent.
_______________________________________/

**ORDER DISMISSING HABEAS PETITION**

**THIS CAUSE** is before the Court upon Petitioner Esteban De La Caridade Saldana Gonzalez's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. [1]. Petitioner challenges his detention in Immigration and Customs Enforcement ("ICE") custody. *Id.* Respondent filed a Response, ECF No. [6]. The Court has reviewed the Petition, Response, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Petition is dismissed.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba. ECF No. [6] at 1. Petitioner arrived in the United States on October 9, 1997, and was granted public-interest parole through October 8, 1999. *Id.* Immigration removal proceedings were initiated in 2009. ECF Nos. [6] at 2; [6-2]. On December 20, 2012, an immigration judge ordered Petitioner removed to Cuba *in absentia* after finding Petitioner received written notice of the hearing, failed to appear, and did not establish exceptional circumstances for his absence. ECF Nos. [6] at 2; [6-4]. The removal order became administratively final on December 20, 2012. ECF No. [6].

On September 26, 2026, Petitioner was arrested by the Port Richey Police Department and was transferred to ICE custody on September 28, 2026 to effectuate his removal. ECF Nos. [6] at 2–3; [6-3]. Petitioner is currently detained at Krome North Processing Center in Miami, Florida. ECF No. [7].[1] Petitioner filed the instant Petition on October 15, 2026, seeking habeas relief. ECF No. [1].

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner challenges his detention in ICE custody and asks the Court to review the legality of his detention and order "appropriate relief." ECF No. [1]. Respondent argues that the Petition must be denied because Petitioner is properly detained under 8 U.S.C. § 1231(a)(6), and Petitioner's claim for unreasonable detention under *Zadvydas* is premature. ECF No. [6].

Section 1231(a) applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once

[1] Respondent filed a Supplement to its Response ("Supplement"), stating that Petitioner was transferred outside this District on the same day this Court issued its Order to Show Cause enjoining Respondent from removing Petitioner from this District until further order of the Court. *See* ECF No. [7]. The Supplement indicates that Petitioner was transferred out of this District at 6:00 a.m. on October 15, 2026, and the Order to Show Cause was entered at 12:44 p.m. on October 15, 2026. *Id.* Petitioner was transferred back to this District on October 24, 2026. *Id.*

the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas*, 533 U.S. at 699–701. But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (Altman, J.) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).

Here, Petitioner was ordered removed in December 2012, so this challenge is governed by *Zadvydas*. *See* ECF No. [6-4]. However, Petitioner was detained beginning on September 28, 2026, ECF No. [6-3], and the instant Petition was filed on October 15, 2026. *See* ECF No. [1]. As such, Petitioner's detention falls short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness. Petitioner's request is premature. *See Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED** as premature.
2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 19, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Counsel of Record

Esteban De La Caridade Saldana Gonzalez
A# 074073105
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE